# N. Y. SUPERIOR COURT.

THOMAS MURTHA agt. MICHAEL CURLEY *et al.*

*Costs— Who entitled to.*

When the general term reverses a judgment and orders a new trial with costs of the appeal to the appellant to abide the event, and the respondent instead of submitting to a new trial, stipulates and appeals to the court of appeals and is there successful:
*Held,* that he is entitled to costs.

*Special Term, December,* 1882.

THE plaintiff obtained a judgment against the defendants at special term, from which judgment the defendant Curley appealed to the general term, where the judgment appealed from "was reversed and a new trial ordered, with costs of the appeal to the appellant to abide the event" (*See* 15 *J. & S.,* 393). From the order of the general term the plaintiff appealed to the court of appeals, where the "order of the

Murtha agt. Curley *et al.*

general term was reversed and judgment of the special term was affirmed, with costs." The clerk declined to tax the costs at general term before and after argument and the term fees for the reason that the order at general term gave the costs of appeal to the appellant to abide event. From this decision the plaintiff appealed to the special term.

*Adolphus D. Pape* and *H. S. Bennett*, for plaintiff, claimed that the court of appeals having reversed the order of the general term, the effect was not only to deprive appellant of the costs awarded, but to give respondent the costs of affirmance, that is, the court of appeals by reversing the general term and affirming the special term, decides that the plaintiff was right and ought to have succeeded at the general term.

*Starr & Hooker*, for defendants, cited *subdivision 3, of section 3251, Code of Civil Procedure ; Naugatuck Cutlery Company* agt. *Rowe* (5 *Abb. N. C.*, 143); *Sisters of Charity* agt. *Kelly* (68 *N. Y.*, 628); *Morris* agt. *Randall* (8 *Daly*, 82); *Post* agt. *Doremus* (60 *N. Y.*, 372); *Matter of Protestant Episcopal Public School* (86 *N. Y.*, 397); *McGregor* agt. *Buell* (1 *Keyes*, 153).

ARNOUX, J. — This is a question of considerable importance to the profession. The practice of this court has always been on a reversal to make the order read " with costs to the appellant to abide the event." In this case the respondent instead of submitting to a new trial, stipulated and appealed to the court of appeals, and was there successful. In view of this result the order of the general term should be construed to mean that the costs were to be given to the successful party on that appeal. This proved to be the respondent, and he should tax the costs. This is in furtherance of justice, for if the respondent had taken a new trial, he would have ultimately taxed a much larger bill of costs than he has done.

The clerk will allow the items of costs at the general term, as if they had in terms been awarded to the appellant in the court of appeals. As this appears to be a new question, no costs of this motion are allowed.